**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BLEU BLAZE DONAHUE,                    )
                                       )
                    Plaintiff,         )
        v.                             )        Civil Action No. 26-1343 (UNA)
                                       )
ANN L. AIKEN,                          )
                                       )
                    Defendant.         )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on consideration of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1).  The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

"Defendant Ann L. Aiken is a United States District Judge for the District of Oregon.  At all times relevant to this complaint, she was acting . . . in her official capacity as a judge."  Compl., Attach. (ECF No. 1-1) at 7 (page numbers designated by CM/ECF).  She presided over a civil RICO action plaintiff filed against the State of Oregon, its Governor, and other state officials.  *See id*. at 8.  Judge Aiken initially dismissed the complaint in that case, permitted plaintiff to amend, and, on September 5, 2025, dismissed the amended complaint with prejudice and without leave to amend a second time.  *See id*.  After dismissal of the case, Judge Aiken directed the Clerk of Court to docket submissions from plaintiff dated November 12, 2025, November 13, 2025, and December 16, 2025, as correspondence.  However, on December 23, 2025, Judge Aiken issued an order stating, "This case is closed.  The Court will accept no further filings."  *Id*.  According to plaintiff, "[t]he timing and nature of the December 23, 2025 order were retaliatory," *id*., denied him access to the courts and due process, *see id*. at 9, and furthered a conspiracy with the civil RICO defendants "to retaliate against [p]laintiff for exposing the state

1

racketeering enterprise," *id*.  Plaintiff has demanded, among other relief, compensatory damages "for emotional distress, reputational harm, and loss of access to the courts."  *Id*. at 10.  In addition, plaintiff demanded an order enjoining Judge Aiken from presiding over any of plaintiff's other pending cases.  *See id*.

Plaintiff's own factual allegations require this Court to dismiss the complaint for lack of subject matter jurisdiction.   "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]"  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see Sindram v. Suda*, 986 F.2d 1459, 1460 (D. C. Cir.1993).  "In determining whether a judge was acting in his judicial capacity, courts should look to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (citations and internal quotation marks omitted), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).  Without question, the acts about which plaintiff complains – dismissing a complaint and refusing to accept further filings in a closed case – are acts a judge normally performs.  *See Cannady v. Kyndryl Holdings, Inc*., No. 24-cv-3638 (AHA), 2025 WL 2977582, at *3 (D.D.C. Oct. 22, 2025) ("Issuing bond orders and denying motions are actions routinely performed by judges."); *Soto Santini v. Marxuach*, No. 23-cv-0091 (CKK), 2023 WL 315594, at *2 (D.D.C. Jan. 19, 2023) (concluding that judge's actions, such as "dismissing one of [plaintiff's] cases as against individual defendants, denying her motions, denying her appointed legal representation, and informing her that she did not properly serve defendants," are judicial acts immune from suit); *Thomas*, 61 F. Supp. 3d at 19 (finding that federal district judge "was clearly acting in his judicial capacity when he refused to file various court documents submitted by Plaintiff," as

"decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit").  Thus, Judge Aiken was acting in her judicial capacity when she issued the orders to which plaintiff objects and is entitled to absolute judicial immunity from suit.  *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (holding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages").

Plaintiff is no more successful in having this Court bar Judge Aiken from presiding over any of plaintiff's pending cases, or in having those cases reassigned to another judge.  This Court "is a trial level court in the federal judicial system," and therefore "generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts."  *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011).  For this reason, this federal district court "cannot compel . . . other Article III judges in this or other districts or circuits to act."  *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 345 (D.D.C. 2011) (JDB).

A separate Order will issue.

DATE: May 18, 2026

/s/
CHRISTOPHER R. COOPER
United States District Judge

3